**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

JOSEPH VINTON DONALDSON,

    Petitioner - Appellant,

v.

DON LANGFORD,

    Respondent - Appellee.

No. 25-3120
(D.C. No. 5:24-CV-03108-JWL)
(D. Kan.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

When a petitioner's habeas application is procedurally barred, the petitioner must satisfy one of two narrow exceptions for a federal district court to consider his claims on the merits. Failing to do so results in dismissal of the petitioner's habeas petition.

Petitioner Joseph Vinton Donaldson, appearing pro se, filed a 28 U.S.C. § 2254 habeas petition challenging his conviction for aggravated kidnapping. The district court determined that a procedural default barred Petitioner's claims and that Petitioner did not meet either narrow exception. The district court dismissed

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner's habeas petition with prejudice.  Petitioner seeks a certificate of appealability ("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas petition.  Because Petitioner has not shown that reasonable jurists could debate the district court's procedural rulings, we deny Petitioner's request for a COA and dismiss this appeal.

I.

Petitioner filed a 28 U.S.C. § 2254 habeas application challenging his Kansas conviction for aggravated kidnapping.  After Petitioner amended his complaint twice, the district court ordered Respondent Don Langford to file a Pre-Answer Response ("PAR") addressing only exhaustion of state court remedies and procedural default.  Respondent filed the PAR, arguing that all four of Petitioner's claims were either unexhausted or procedurally barred.  Petitioner did not respond to the PAR.

The district court then issued a Memorandum and Order to Show Cause ("MOSC"), concluding that the court could not consider the merits of Petitioner's claims because they were either procedurally defaulted or barred by anticipatory procedural default.  The MOSC directed Petitioner to show that one of the exceptions to the general rule barring consideration of a defaulted claim applied.  The district court instructed Petitioner to show either (1) cause for the default and resulting prejudice or (2) that refusing to consider his claims would result in a fundamental miscarriage of justice.  Petitioner responded.  The district court determined that Petitioner did not show cause for failing to exhaust or that he suffered prejudice.  It also determined that he failed to show that not considering his claims on the merits

2

would result in a fundamental miscarriage of justice. Thus, the district court dismissed Petitioner's claims with prejudice. It also denied a certificate of appealability because "its procedural rulings in this matter [we]re not subject to debate among jurists of reason."

## II.

Petitioner wishes to appeal the district court's dismissal of his claims—but he cannot unless we issue a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A). The district court dismissed Petitioner's habeas application for procedural reasons. We may, therefore, issue a certificate of appealability only if Petitioner shows that reasonable jurists could debate both the validity of his application and the correctness of the district court's procedural rulings. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). We address only the latter because no reasonable jurist could debate that the district court's procedural rulings were correct. See id. at 485.

Before a petitioner may bring a federal habeas petition, he must exhaust those same claims in state court. See Picard v. Connor, 404 U.S. 270, 275–76 (1971). If a petitioner has not exhausted a claim and state procedural rules would now bar him from doing so, the claim is subject to anticipatory procedural default, and a federal court cannot entertain the merits of that claim. Anderson v. Sirmons, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (quoting Moore v. Schoeman, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)). If, instead, a petitioner brought a claim before the state court, but the state court dismissed the claim because it failed to comply with an "adequate and independent state procedural rule[]," procedural default bars the claim. Banks v.

3

Workman, 692 F.3d 1133, 1144 (10th Cir. 2012) (citing Clayton v. Gibson, 199 F.3d 1162, 1120–71 (10th Cir. 1999)).

The district court liberally construed Petitioner's "Ground One" as bringing a Sixth Amendment ineffective assistance of counsel claim and a Fifth Amendment due process claim, both based on the sufficiency of the evidence supporting his conviction. Examining Petitioner's state court records, the district court found that Petitioner mentioned insufficient evidence one time in an untimely motion to the state district court. The state district court had dismissed that motion as untimely, and Petitioner appealed only the untimeliness ruling—never mentioning sufficiency of the evidence. The state appellate court affirmed. Because Petitioner's only mention of his insufficient evidence argument was "in a motion that ran afoul of adequate and independent state procedural rules regarding the time for filing," the district court found that procedural default barred the claim. Alternatively, the district court determined that any future motion would suffer from the same state court procedural time bar. Therefore, because no avenue existed for Petitioner to go back to the state court and exhaust this claim, anticipatory procedural default also barred the claim.

In his application for a certificate of appealability, Petitioner does not contest the district court's conclusion that he cannot return to the state courts and raise this claim. Thus, Petitioner failed to carry his burden to show that reasonable jurists could debate whether the district court's procedural rulings were correct. See Slack, 529 U.S. at 484.

Petitioner's "Ground Two" asserts a due process violation based on the state district court's untimeliness ruling and the state appellate court's decision affirming that ruling. "Ground Three" and "Ground Four" argue that Kansas violated his due process rights by charging him with aggravated kidnapping and the trial judge did the same by allowing the charges to stand. The district court found that Petitioner did not argue any of these claims in state court and could no longer do so. Thus, the district court determined that anticipatory procedural default also barred these claims.

Because Petitioner did not raise grounds two through four in state court and cannot do so now, they suffer from the same problem as "Ground One." And Petitioner does not argue that the district court erred in determining that anticipatory procedural default barred his claims nor that he had an opportunity to raise these claims before the state court. He, therefore, again fails to carry his burden to show that reasonable jurists could debate whether the district court's procedural rulings were correct.

In this Court, Petitioner focuses his application on the district court's application of the exceptions to these procedural bars. Once Petitioner has procedurally defaulted, a federal court can consider the merits of his claims only if he demonstrates (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that (2) "failure to consider the claims will result in a fundamental miscarriage of justice." Fontenot v. Crow, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

5

As for the cause and prejudice exception, Petitioner argues that his appellate counsel failed to raise his claims in state court. But for ineffective assistance of counsel to establish cause to excuse a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000) (citing Murray v. Carrier, 477 U.S. 478, 488–89 (1986)). Put another way, this argument itself is "an independent constitutional claim" and must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Id. at 451–52 (quoting Murray, 477 U.S. at 489).

Petitioner never argued to the state courts that his appellate counsel provided unconstitutionally ineffective assistance. The district court therefore determined—correctly so—that Petitioner could not use this argument to establish cause. Petitioner needed to first present an ineffective assistance of counsel claim to the state courts as an independent claim before using it to establish cause for his procedural default. See id. at 452 (quoting Murray, 477 U.S. at 489). Petitioner did not do so. In seeking a certificate of appealability, Petitioner again fails to identify where he argued this to the state courts and instead rehashes the arguments the district court already rejected. Thus, Petitioner has not shown reasonable jurists could debate the district court's ruling that he failed to show cause and prejudice. See Slack, 529 U.S. at 484.

The district court also determined that Petitioner could not satisfy the fundamental miscarriage of justice exception. Petitioner claims new evidence exists

6

to show that he is factually innocent.  Indeed, to succeed under this exception,

Petitioner "must make a colorable showing of factual innocence."  Beavers v. Saffle,

216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera v. Collins, 506 U.S. 390, 404

(1993)).  For his showing to be sufficient, he must present "new reliable

evidence . . . that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324

(1995).  This standard is "demanding," and arises only when the new evidence is "so

strong that a court cannot have confidence in the outcome of the trial unless the court

is also satisfied that the trial was free of nonharmless constitutional error."  Fontenot,

4 F.4th at 1031 (quoting McQuiggin v. Perkins, 569 U.S. 383, 401 (2013)).

Petitioner asserted to the district court that he had two unnamed witnesses and

the victim's alleged "confession."[1]  As to the unnamed witnesses, the district court

found the evidence unreliable because Petitioner did not identify the witnesses or

give details about their testimony.  The district court also rejected the victim's

alleged confession.  In the district court's view, because Petitioner did not provide a

copy of the confession to the court or explain when or why the victim allegedly

confessed, he could not show it was new or reliable.

In his application for a certificate of appealability, Petitioner presents more

information about the two witnesses and the victim's statement.  But we generally

limit our review "to the record that was before the district court when it made its

---

[1] Petitioner asserted that the victim created "a handwritten narrative" in which she stated that Petitioner slept for an hour during the events that led to his conviction.  He also argued that she admitted to a detective that Petitioner never told her that she was not free to go.

decision." <u>Regan-Touhy v. Walgreen Co.</u>, 526 F.3d 641, 648 (10th Cir. 2008) (citing <u>Boone v. Carlsbad Bancorp., Inc.</u>, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992)).  Thus, we do not consider this additional information.  And given the conclusory allegations before the district court, reasonable jurists could not debate its decision that Petitioner failed to meet the "demanding" fundamental miscarriage of justice exception.

In sum, Petitioner fails to show that reasonable jurists could debate the district court's procedural rulings.  Accordingly, we DENY the Certificate of Appealability and DISMISS this matter.

Entered for the Court


Joel M. Carson III
Circuit Judge